UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOSTER BOY MOVIES, LLC, an Illinois Limited Liability Company, ) ) ) Plaintiff, ) ) v. ) ) AFDR FILM HOLDINGS, LLC; CINETIME ACROSS AGES; MOVIE MAGIC; SVETLANA MIRONOVA, Individually and as an Agent of AFDR FILM HOLDINGS, LLC, CINETIME ACROSS AGES and MOVIE MAGIC; TRIAS MEDIA GROUP, GMBH; PETER VON ONDARZA, Individually and as an Agent of TRIAS MEDIA GROUP, ) ) Defendants. | C.A. No. 1:24-cv-13324 <br><br> Hon. Sharon Johnson Coleman <br><br> Mag. Judge Heather K. McShain |

## SECOND AMENDED COMPLAINT

Plaintiff Foster Boy Movies, LLC ("Plaintiff"), by and through undersigned counsel, for its Complaint against Defendants AFDR Film Holdings, LLC ("AFDR"); CineTime Across Ages ("CineTime"); Movie Magic; Svetlana Mironova ("Mironova"), Individually and as an Agent of AFDR, CineTime and Movie Magic; Trias Media Group, GMBH ("Trias"); Peter Von Ondarza ("Von Ondarza"), Individually and as an Agent of Trias, and (collectively, "Defendants") herein, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and Illinois state law. Defendants have unlawfully reproduced, distributed, and publicly displayed Plaintiff's copyrighted motion picture, Foster Boy

1

("the Film"), by pirating and uploading it onto online platforms, including the YouTube platform, without Plaintiff's authorization, causing substantial harm to Plaintiff's exclusive rights and economic interests.

## THE PARTIES

2. Plaintiff is a Limited Liability Company organized under the laws of the State of Illinois with a place of business at 221 N. LaSalle, Chicago, Illinois. Plaintiff is the owner by assignment of all right, title, and interest in the Film's copyright.

3. AFDR during all times relevant was and is a Limited Liability Company organized under the laws of the State of Colorado doing business throughout the United States including in the State of Illinois and within this judicial district.

4. CineTime during all times relevant was and is an entity whose location is currently unknown but who was identified on a YouTube platform page as the entity who unlawfully uploaded the Film onto the YouTube platform.

5. Movie Magic during all times relevant was and is an entity whose location is currently unknown but who was identified on a YouTube platform page as the entity who unlawfully uploaded the Film onto the YouTube platform.

6. Mironova during all times relevant was and is an individual who has acted in both an individual capacity and as an agent for CineTime, AFDR and Movie Magic, and resides in Istanbul, Turkey.

7. Trias during all times relevant was and is a German company doing business throughout the United States, including within the State of Illinois and this judicial district, distributing films for public viewing, including the Film.

2

8. Von Ondarza during all times relevant was and is an individual who has acted in both an individual capacity and as an agent for Trias, and resides in Potsdam, Germany.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367(a) as they arise from the same nucleus of operative facts.

10. This Court has personal jurisdiction over Defendants because each has substantial contacts with this district by virtue of their uploading and distributing the infringing content (the Film) using the YouTube online platform, which platform is accessible to residents of Illinois, and thereby purposefully availing themselves of the privilege of conducting business herein.

11. Jurisdiction over AFDR, CineTime, Movie Magic and Mironova also is proper as Mironova, individually and as an agent for AFDR, CineTime and Movie Magic, consented to the jurisdiction of the federal courts.

12. Mironova has further agreed to accept service of process from Plaintiff.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, including the accessibility of the infringing content to residents herein. Venue is also proper under 28 U.S.C. § 1400(b) as Defendants are subject to personal jurisdiction in this district for copyright claims.

## BACKGROUND INFORMATION

14. The Film is an original work of authorship fixed in a tangible medium of expression, eligible for copyright protection under 17 U.S.C. § 102(a).

15. The Film was registered with the U.S. Copyright Office on August 24, 2020, Registration No. PAu004084117, prior to the infringements alleged herein. A true and correct copy of the US Copyright Office records evidencing this registration is attached as Exhibit A.

16. Plaintiff is the sole owner of the Film by virtue of an assignment from the author Jay Paul Deratany. The assignment was recorded with the U.S. Copyright Office on November 3, 2017 as Document No. V9952D783.

17. Plaintiff entered into a license agreement with Gravitas Ventures, LLC ("Gravitas") of Cleveland, Ohio, on May 22, 2020 which granted Gravitas certain distribution rights in the Film in certain territories, including throughout the United States. Gravitas thereafter has offered and continues to offer the Film for purchase or rental on the YouTube platform.

18. The YouTube platform, as referenced in this complaint, is a global online video-sharing and social media platform owned and operated by YouTube LLC, a subsidiary of Google LLC, where users can upload, watch, share and comment on videos. The YouTube platform is accessible worldwide, and specifically within the State of Illinois and this judicial district, via the website www.youtube.com and through mobile applications on iOS and Android devices.

19. YouTube LLC and Plaintiff have not had, and do not currently have, any contractual relationship relative to the Film.

20. Subsequent to August 24, 2020, and at least as early as May 2024, Defendants CineTime, Movie Magic, Mironova, Trias and Von Ondarza reproduced, distributed, and publicly displayed the Film without Plaintiff's authorization by uploading it onto the YouTube platform, thereby making the Film accessible in the State of Illinois and within this judicial district.

21. Mironova, acting under the pseudonym Movie Magic, uploaded the Film onto the YouTube platform at http://www.youtube.com/watch?v=NmpEQ3Girgg at least as early as August 1, 2024.

22. Pursuant to the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(c), Gravitas, as a licensee of the Film, submitted a valid copyright removal request (i.e., a takedown notice) to the YouTube platform on or about August 1, 2024, identifying the infringing content (the Film) uploaded by Mironova (under the pseudonym Movie Magic) at http://www.youtube.com/watch?v=NmpEQ3Girgg, and complying with all requirements under 17 U.S.C. § 512(c)(3), including a statement of good faith belief that the use was unauthorized and contact information.

23. A counter notification was forwarded to Gravitas by the YouTube platform on August 14, 2024. This counter notification was submitted by Mironova who stated, under penalty of perjury, that Movie Magic was hosting the Film under a contract with AFDR dated August 8, 2023, which contract granted Movie Magic non-exclusive worldwide rights to host the Film on the YouTube platform for a term of 1 year. Mironova is thus an agent for Movie Magic. AFDR has induced, contributed to and otherwise acted in concert with Mironova, Movie Magic and other unknown entities to infringe Plaintiff's copyright in the Film. A true and correct copy of the counter notification is attached as Exhibit B.

24. As part of the August 14, 2024, counter notification, Mironova consented to the jurisdiction of the United States federal courts and agreed to accept service of process. The address provided by Mironova was: ATAKÖY 7-8-9-10. KISIM MAHALLESİ ÇOBANÇEŞME E/5 YAN YOL CADDESİ ATAKÖY TOWERS A BLOK NO:20/1 İÇ KAPI NO: 70 34158 İSTANBUL/BAKIRKÖY Türkiye. See Exhibit B.

25. Pursuant to the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(c), Plaintiff submitted a valid copyright removal request (i.e., a takedown notice) to YouTube, LLC on June 4, 2025, identifying the infringing content (the Film) uploaded at https://www.youtube.com/watch?v=0ocQmSg1jKc and

https://www.youtube.com/watch?v=qfUEpItoYFc and complying with all requirements under 17 U.S.C. § 512(c)(3), including a statement of good faith belief that the use was unauthorized and Plaintiff's contact information. A true and correct confirmation from YouTube confirming this copyright removal request is attached as Exhibit C.

26. On or about June 9, 2025, Defendant Mironova submitted a counter notification to YouTube, LLC under 17 U.S.C. § 512(g) stating, under penalty of perjury, that CineTime is hosting the Film at https://www.youtube.com/watch?v=qfUEpItoYFc under a contract with AFDR dated December 1, 2024, which granted CineTime non-exclusive worldwide rights to host the Film on the YouTube platform for a term of 1 year. Mironova is thus an agent for CineTime. A true and correct copy of this counter notification is attached as Exhibit D.

27. The June 9, 2025, counter notification by Mironova provided the following address, which is the same address provided by Mironova in the counter notification dated August 14, 2024 (Exhibit B), relative to the infringer Movie Magic: ATAKÖY 7-8-9-10. KISIM MAHALLESİ ÇOBANÇEŞME E/5 YAN YOL CADDESİ ATAKÖY TOWERS A BLOK NO:20/1 İÇ KAPI NO: 70 34158 İSTANBUL/BAKIRKÖY Türkiye. See Exhibit D.

28. As part of the counter notification of June 9, 2025, Mironova consented to the jurisdiction of the United States federal courts and to accept service of process. See Exhibit D.

29. Plaintiff previously attempted service on Mironova in or about April 2025 at the address provided in the counter notifications of August 14, 2024 and June 9, 2025, but was advised in a letter dated in April 2025 from the Turkey Ministry of Justice (See Exhibit E, page 3) that the address Mironova provided in the counter notifications is a mailbox service address only, that Mironova does not have a physical office at that address, and that Mironova is not present at that address. See Exhibits E (Section 2, page 2) and F (a Google translation of Section 2 of Exhibit E). Plaintiffs thus do not know Mironova's address.

30. Mironova, as an individual and agent for Movie Magic and CineTime, as well as Movie Magic and CineTime, have been aware of Plaintiff's copyright in the Film at least as early as August 2024, as a consequence of the aforementioned copyright removal request submitted to the YouTube platform in or about August 2024. Mironova, as an individual and an agent for CineTime, and CineTime, acted with knowing disregard of Plaintiff's rights in the Film by uploading the copyrighted Film at https://www.youtube.com/watch?v=qfUEpItoYFc after August 2024.

31. Neither Plaintiff nor Gravitas granted Defendants any license, permission, or authorization to use, reproduce, distribute, or display the Film, including on the YouTube platform, and Defendants were aware at the time they committed the infringing acts complained of herein that they did not possess any such license, permission or authorization.

32. The acts of the Defendants as described herein, including the acts by Mironova, as an individual and agent for CineTime and Movie Magic, CineTime and Movie Magic, were willful, and in knowing disregard of Plaintiff's rights in the Film.

33. The specific acts of infringement described herein are representative of a pattern of infringement of Plaintiff's rights in its copyrighted material by Defendants, which infringement has continued for 24 hours each day the Film has remained available on the YouTube platform due to intentional and knowing acts by each Defendant.

34. Defendants, by reproducing, distributing, and publicly displayed the Film on the YouTube platform, providing access to the Film throughout the world, including in the State of Illinois and this judicial district, improperly profited through advertising revenue or other means tied to these infringing acts, have caused Plaintiff irreparable harm, including lost revenue, diminished market value of the Film, and interference with Plaintiff's exclusive rights under 17 U.S.C. § 106.

## COUNT I
## Direct Copyright Infringement (17 U.S.C. §§ 106, 501)

35. Plaintiff incorporates paragraphs 1 – 34 as if fully set forth herein.

36. Plaintiff owns a valid copyright registration in the Film. A true and correct copy of the US Copyright Office records evidencing this registration is attached as Exhibit A.

37. Defendants violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, and publicly displaying the Film without license, permission or authorization via uploads to YouTube and other platforms accessible in this state and within this judicial district.

38. Defendants' acts constitute direct infringement under 17 U.S.C. § 501(a).

39. The infringement by Defendants was willful as they knew at the time of the acts complained of herein, including the uploading of the Film onto the YouTube platform, were without license, permission or authorization from Plaintiff, and were intended to and did exploit Plaintiff's work for personal or commercial gain.

40. Plaintiff has suffered and continues to suffer damages, including lost profits and statutory damages, and irreparable harm warranting injunctive relief.

## COUNT II
## Illinois State Law Unfair Competition
## Against All Defendants
## (815 ILCS 510/1 et seq. and Common Law)

41. Plaintiff incorporates paragraphs 1 – 40 as if fully set forth herein.

42. Defendants' unauthorized use of the Film misappropriates Plaintiff's intellectual property for commercial advantage, constituting unfair competition under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and Illinois common law.

43. Defendants' actions deceive the public by suggesting Plaintiff authorized the Film's availability on the YouTube platform, and causing confusion as to the course, sponsorship, approval or association of the Film, harming Plaintiff's reputation and market in Illinois.

44. Plaintiff has suffered economic injury in this district and is entitled to restitution, damages, and injunctive relief.

## COUNT III
### Declaratory Judgment Against All Defendants
### (28 U.S.C. §§ 2201–2202)

45. Plaintiff incorporates paragraphs 1 – 44 as if fully set forth herein.

46. An actual controversy exists regarding: Defendants' unauthorized use and distribution of the Film, Defendant Mironova's (individually and as an agent for CineTime amd Movie Magic), CineTime's and Movie Magic's knowingly false counter notifications, and Plaintiff's exclusive rights.

47. Plaintiff seeks a declaratory judgment that Defendants' actions infringe Plaintiff's copyright and that Plaintiff is entitled to control the Film's distribution and display.

48. Plaintiff seeks a further declaratory judgment that Mironova's statements in the counter notifications that Mironova, Movie Magic, and CineTime, hosted the Film under contracts with AFDR were false, were made knowing that they were false, and with the further knowledge that Plaintiff and/or Gravitas did not grant any rights to AFDR, Mironova, Movie Magic, CineTime or any other Defendant permitting the distribution or display the Film.

49. Such relief is necessary to resolve uncertainty and prevent further harm, as authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. An award of monetary damages:

1. Statutory damages pursuant to 17 U.S.C. § 504(c) in an amount between $750 and $30,000 per work infringed, or up to $150,000 per work for willful infringement, at Plaintiff's election.

2. Actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), to be determined at trial.

3. Restitution and damages for unfair competition under Illinois law.

4. An accounting of the receipts and disbursements of Defendants relative to the infringement.

B. Injunctive Relief:

1. A preliminary and permanent injunction under 17 U.S.C. § 502(a) and 28 U.S.C. § 1498 enjoining Defendants from reproducing, distributing, or displaying the Film without authorization, including without limitation:

URL: http://www.youtube.com/watch?v=qfUEpItoYFc

URL: http://www.youtube.com/watch?v=NmpEQ3Girgg

URL: https://www.youtube.com/watch?v=0ocQmSg1jKc

2. An order requiring YouTube, LLC to remove or disable access to all infringing copies of the Film, pursuant to 17 U.S.C. § 512(j), including without limitation:

URL: http://www.youtube.com/watch?v=qfUEpItoYFc

URL: http://www.youtube.com/watch?v=NmpEQ3Girgg

URL: https://www.youtube.com/watch?v=0ocQmSg1jKc

C. Destruction of Infringing Materials:

1. An order under 17 U.S.C. § 503(b) for the impoundment and destruction of all infringing copies of the Film in Defendants' possession.

D.     Attorneys' Fees and Costs:

1.     Reasonable attorneys' fees and costs under 17 U.S.C. § 505, due to Defendants' willful infringement.

E.     Declaratory Relief:

1.     A declaratory judgment under 28 U.S.C. § 2201 that Defendants' actions infringe Plaintiff's copyright and that Plaintiff holds exclusive rights to the Film.

F.     Other Relief:

1.     Prejudgment and post-judgment interest on all monetary awards.

2.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 10, 2025                                    Respectfully submitted,

By: /s/ Christopher T. Griffith

Christopher T. Griffith (ARDC No. 6197487)
cgriffith@greengriffith.com

**GREEN, GRIFFITH & ASSOCIATES LLP**
20 N. Clark Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 883-8008

Jay Paul Deratany (ARDC No. 6197097)
jpderatany@lawinjury.com
Gregory Olmstead (ARDC No. 6188659)
olmstead@lawinjury.com

**DERATANY & KOSNER**
221 North LaSalle Street, Suite 2200
Chicago, Illinois 60601
Telephone: (312) 857-7285

*Attorneys for Plaintiff*